Jonah A. Grossbardt (State Bar No. 283584)
Matthew L. Rollin (State Bar. No. 332631)
**SRIPLAW**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, CA 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com
matthew.rollin@sriplaw.com

Attorneys for Plaintiff
ALEXANDER BAYONNE STROSS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXANDER BAYONNE STROSS,<br><br>Plaintiff,<br><br>vs.<br><br>AIRBNB, INC. AND DAN KLORES COMMUNICATIONS, LLC,<br><br>Defendants. | **Case Number:**<br><br>**Copyright Infringement**<br><br>**Demand for Jury Trial** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff Alexander Bayonne Stross by and through his undersigned counsel, hereby brings this Complaint against Defendants Airbnb, Inc. and Dan Klores Communications, LLC for damages and injunctive relief, and in support thereof states as follows:

/ / /

/ / /

/ / /

SRIPLAW
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

**SUMMARY OF THE ACTION**

1. Plaintiff Alexander Bayonne Stross ("Stross") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Stross's original copyrighted works of authorship.

2. Stross is the owner and principal photographer of Stross Stock. After traveling the world with his camera, creating thousands of high-quality photographs, the natural next step was to offer the public means to license his Work. Each photo on Stross Stock is shot with top-quality equipment, thoughtfully produced, hand selected, and tastefully edited before being made available to the public. Stross is a native of Austin, Texas, and watched the small city grow and develop into an urban hot spot. This served as his inspiration to become a photographer, centering his expertise on complicated architectural photography and landscape photography. In 2016, Stross was nominated and accepted as a professional member of the American Society of Media Photographers, which is a high honor. Stross received a B.S. in Computer Science at the University of Texas at Austin and has since combined his love for the photographic arts and computer science by building an online system to help protect artists' works on the internet..

3. Defendant Airbnb, Inc. ("Airbnb") is one of the world's largest marketplaces for unique, authentic places to stay and things to do, offering over 7 million accommodations and tens of thousands of handcrafted activities, all powered by local hosts. An economic empowerment engine, Airbnb has helped millions of hospitality entrepreneurs monetize their spaces and their passions while keeping the financial benefits of tourism in their own communities. With more than three quarters of a billion guest arrivals to date, and accessible in 62 languages across 220+ countries and regions, Airbnb promotes people-to-people connection, community and trust around the world. At all times relevant to herein, Airbnb is the owner of the website located at the URL "https://www.airbnb.com/" (the website).

4. Dan Klores Communications, LLC ("DKC") is a public relations firm that knows how to drive brand stories and generate news. DKC is in the business of

1  enhancing reputation, building credibility, and increasing awareness. They are
2  persuaders, influencers, opinion makers, writers, content creators, and experience
3  producers that are guided by data and instinct.

4      5.    Stross alleges that Airbnb copied Stross's copyrighted works from the
5  internet in order to advertise, market and promote its business activities. Airbnb
6  committed the violations alleged in connection with Airbnb's business for purposes of
7  advertising and promoting sales to the public in the course and scope of Airbnb's
8  business.

9      6.    Stross alleges that DKC copied Stross's copyrighted works from the
10 internet in order to advertise, market and promote its business activities. DKC committed
11 the violations alleged in connection with DKC's business for purposes of advertising and
12 promoting sales to the public in the course and scope of DKC's business.

13 **JURISDICTION AND VENUE**

14     7.    This is an action arising under the Copyright Act, 17 U.S.C. § 501.
15     8.    This Court has subject matter jurisdiction over these claims pursuant to 28
16 U.S.C. §§ 1331, 1338(a).
17     9.    Airbnb is subject to personal jurisdiction in California.
18     10.    DKC is subject to personal jurisdiction in California.
19     11.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and
20 1400(a) because the events giving rise to the claims occurred in this district, Defendants
21 engaged in infringement in this district, Defendants resides in this district, and
22 Defendants are subject to personal jurisdiction in this district.

23 **DEFENDANT**

24     12.    Airbnb, Inc. is a California Corporation with its principal place of business
25 at 888 Brannan Street, Suite #4, San Francisco, California 94103, and can be served by
26 serving its Registered Agent, CSC Lawyers Incorporating Service, 2710 Gateway Oaks
27 Drive, Suite 150N, Sacramento, CA 95833.
28

COMPLAINT FOR COPYRIGHT INFRINGEMENT    CASE NO.:
PAGE NO. 3 OF 11

SRIPLAW
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

1      13.     Dan Klores Communications, LLC is a Delaware Corporation with an
2  office at 425 Bush Street #410, San Francisco, CA 94108 and is registered to do business
3  with the California Secretary of State and can be served by serving its Registered Agent
4  Brenda Gilmore, 700 San Vicente Boulevard, Room G-405, West Hollywood CA 90069.

## THE COPYRIGHTED WORKS AT ISSUE

6      14.     Stross created the photographs listed on the chart below, attached hereto as
7  Exhibit 1, and collectively referred to herein as the "Works."

| | Photo Name | Registration |
|---|---|---|
| 1 | 20111111-_MG_0015_16_17_18_19_20Adjust-Edit | VAu 1-089-810 |
| 2 | 20111111-_MG_0120-Edit.jpg3 | VAu 1-089-810 |
| 3 | 20111111-_MG_0156_57_58_59_60_61Adjust-Edit-Edit.jpg | VAu 1-089-810 |
| 4 | 20111111-_MG_0312_3_4_5_6_7Adjust-Edit.jpg | VAu 1-089-810 |
| 5 | 20111111-_MG_0365_66_67_68_69_70Adjust-Edit.jpg | VAu 1-089-810 |
| 6 | 20111111-_MG_0398_399_400_401_402_403Adjust-Edit.jpg | VAu 1-089-810 |
| 7 | 20111111-_MG_0500_1_2_3_4_5Adjust.jpg | VAu 1-089-810 |
| 8 | 20111111-_MG_0552_3_4_6_7-Edit.jpg | VAu 1-089-810 |
| 9 | 20111111-_MG_0523_4_5_6_7_8Adjust-Edit.jpg | VAu 1-089-810 |
| 10 | 20111111-_MG_0318_19_20_21_22_23Adjust-Edit.jpg | VAu 1-089-810 |

     15.     At the time he created the Works Stross applied copyright management information to the Works consisting of a copyright symbol, and his name, Alexander Stross, written in faint white writing at the bottom right corner of the images.

     16.     Stross also created the photograph titled 20140812-1B3A3842-Edit.jpg ("Modern Guesthouse") is attached hereto and included in Exhibit 1.

     17.     Stross registered the Works with the Register of Copyrights on February 19, 2012 and was assigned the registration number VAu 1-089-810. Stross registered Modern Guesthouse on January 15, 2015 and was assigned the registration number VAu 1-198-970.

SRIPLAW
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

18. The Certificates of Registration are attached hereto as Exhibit 2.

19. At all relevant times Stross was the owner of the copyright to Modern Guesthouse and the copyrighted Works at issue in this case.

**INFRINGEMENT BY DEFENDANTS**

20. Airbnb has never been licensed to use Modern Guesthouse and the Works in this action for any purpose.

21. On a date after Modern Guesthouse and the Works in this action were created, but prior to the filing of this action, Airbnb copied Modern Guesthouse and the Works.

22. Airbnb copied Stross's copyrighted Modern Guesthouse and the Works without Stross's permission.

23. After Airbnb copied Modern Guesthouse and the Works it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of home rental and vacation platform.

24. Airbnb copied and distributed Stross's copyrighted Modern Guesthouse and the Works in connection with Airbnb's business for purposes of advertising and promoting Airbnb's business, and in the course and scope of advertising and selling products and services.

25. Stross's Modern Guesthouse and the Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

26. Airbnb committed copyright infringement of the Works as evidenced by the documents attached hereto as Exhibit 3.

27. Stross never gave Airbnb permission or authority to copy, distribute or display Modern Guesthouse and the Works at issue in this case.

28. Stross first notified Airbnb of the allegations regarding the Works on April 29, 2019. A copy of the takedown letter is attached as Exhibit 4.

SRIPLAW
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

29. Airbnb did not respond to Stross and did not remove the Works from its website. A copy of the images on Airbnb's website after the takedown letter was sent is attached as Exhibit 5.

30. Stross again notified Airbnb of the allegations set forth herein on August 11, 2020 and referenced the prior notice in the email. A copy of the email is attached hereto and marked Exhibit 6.

31. On August 14, 2020, Airbnb responded to the take down notice and asked for additional information which was provided to it. A copy of the email is attached hereto and marked Exhibit 7.

32. On August 14, 2020, Airbnb stated that it was going to take down the Works. A copy of the email from Airbnb is attached hereto and marked Exhibit 8.

33. On November 6, 2020, Stross once again found unauthorized uses his Works on Airbnb's website. Screenshots of the infringement are attached hereto and marked Exhibit 9.

34. Airbnb has still not taken the Works off its website and web servers. A copy of the images on Airbnb's website and webservers is attached hereto and marked Exhibit 10.

35. When Airbnb copied and displayed the Works at issue in this case, Airbnb removed Stross's copyright management information from the Works.

36. Stross never gave Airbnb permission or authority to remove copyright management information from the Works at issue in this case.

37. Airbnb not only used the images on its website but distributed them to others.

38. Airbnb provided the images to at least one media company named SFG Media Group, LLC.

39. SFG has stated that they obtained the works from Airbnb via press@airbnb.com.

1  40. SFG was provided the Works by DKC. The email correspondence
2  between SFG and DKC is attached hereto and marked Exhibit 11.
3  41. Airbnb copied and distributed the Works to DKC who then further copied
4  and distributed them to SFG.
5  42. SFG then used the eight of the Works on its website. A copy of the eight
6  Works displayed on SFG's website is attached hereto and marked Exhibit 12.
7  43. On April 13, 2021, Stross found the Modern Guesthouse photograph on
8  Airbnb's servers and website. The Modern Guesthouse was also found on multiple blog
9  sites, including BizLeads, Business Insider, and PR Times, all showing Modern
10 Guesthouse photograph originating from Airbnb. Screenshots of those infringements are
11 attached hereto and marked Exhibit 13.

## COUNT I

## COPYRIGHT INFRINGEMENT

14 44. Stross incorporates the allegations of paragraphs 1 through 43 of this
15 Complaint as if fully set forth herein.
16 45. Stross owns a valid copyright in the Works and the Modern Guesthouse at
17 issue in this case.
18 46. Stross registered the Modern Guesthouse and the Works at issue in this
19 case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).
20 47. Defendants copied, displayed, and distributed the Modern Guesthouse and
21 the Works at issue in this case and made derivatives of the Modern Guesthouse and the
22 Works without Stross's authorization in violation of 17 U.S.C. § 501.
23 48. Defendants performed the acts alleged in the course and scope of its
24 business activities.
25 49. Defendants' acts were willful.
26 50. Stross has been damaged.
27 51. The harm caused to Stross has been irreparable.
28 / / /

## COUNT II

## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

52. Stross incorporates the allegations of paragraphs 1 through 43 of this Complaint as if fully set forth herein.

53. The Works at issue in this case contains copyright management information ("CMI").

54. Airbnb knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Works at issue in this action in violation of 17 U.S.C. § 1202(b).

55. Airbnb committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Stross's rights in the Works at issue in this action protected under the Copyright Act.

56. Airbnb caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Stross's rights in the Works at issue in this action protected under the Copyright Act.

57. Stross has been damaged.

58. The harm caused to Stross has been irreparable.

## COUNT III

## VICARIOUS COPYRIGHT INFRINGEMENT BY DEFENDANTS

59. Stross incorporates the allegations of paragraphs 1 through 43 of this Complaint as if more fully set forth herein

60. Stross owns valid copyrights in the Modern Guesthouse and the Works at issue in this case.

61. Stross registered the Modern Guesthouse and the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

62. Airbnb, Inc. and Dan Klores Communications, LLC, displayed and distributed the Modern Guesthouse and the Works at issue in this case without Stross's authorization in violation of 17 U.S.C. § 501.

63. Airbnb, Inc. had the right and ability to supervise the infringing activities of Dan Klores Communications, LLC and the other infringing websites alleged herein.

64. Defendants had a direct financial interest in the infringing activities alleged herein.

65. As a result of Defendant's vicarious infringements as alleged above, Defendant's obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Modern Guesthouse and the Works.

66. Defendants have continued to copy, display, and distribute the Modern Guesthouse and the Works at issue with knowledge that such acts violate Stross's intellectual property rights.

## COUNT IV

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

67. That, upon information and belief, Defendants have directly infringed Stross's copyrights in the Modern Guesthouse and the Works by, *inter alia* displaying and distributing Stross's Modern Guesthouse and the Works in connection with the marketing, advertising, and promotion of Defendants respective businesses and services in violation of Stross's exclusive rights under the Copyright Act, 17 U.S.C. Sections 106 and 50

68. That, upon information and belief, Defendants are liable as contributory infringers for the copyright infringements committed via publication and/or distribution of the Modern Guesthouse and the Works, and that such uses are in violation of Stross's copyrights.

69. That, upon information and belief, Defendants, or one or more of them, had actual and/or constructive knowledge and/or through the exercise of ordinary business care and/or the examination of public and/or business records, knew or should

SRIPLAW
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

1  have known that the Modern Guesthouse and the Works were created by Stross, and that
2  any use thereof was in violation of Stross's copyright.

3       70.    That upon information and belief, Defendants, or one or more of them,
4  knew or should have known that they were not authorized to use Stross's Modern
5  Guesthouse and the Works.

6       71.    That, upon information and belief, Defendants have directly and/or
7  indirectly caused, enabled, encouraged, facilitated, and materially contributed to the
8  infringement(s) via the publication and/or distribution of the Modern Guesthouse and the
9  Works on their websites.

10       72.    That, upon information and belief, Airbnb, Inc., in addition to the actions
11  above, provided the tools, including the Works, to Dan Klores Communications, LLC,
12  for the infringements via the publication and distribution of the Works.

13       73.    That, upon information and belief, through the conduct described
14  hereinabove, Defendants are contributorily liable for the infringements described herein.

15       74.    That, upon information and belief, the aforementioned acts of Defendants
16  constitute federal statutory contributory copyright infringement under Section 501 of the
17  Copyright Act in violation of the exclusive rights granted to Stross as the valid copyright
18  holder.

19       75.    That, upon information and belief, Defendants' infringements are and
20  have been willful, intentional, purposeful, and/or in disregard of the rights of Stross and
21  have caused substantial damage to Stross.

22       76.    That as a direct and proximate result of Defendants' infringements, Stross
23  has been and will continue to be damaged in an amount as yet undetermined.

24       77.    Stross is entitled to the maximum statutory damages under 17 U.S.C.
25  Section 504 (c), and as an alternative to statutory damages, Stross, at his election prior to
26  judgment is entitled to recover his actual damages and any additional profits of the
27  Defendants, or one or more of them, attributable to the infringements as under 17 U.S.C.
28  Sections 504 (a)-(b).

SRIPLAW
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

78. Stross is further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of Defendants' copyright infringement.

WHEREFORE, Plaintiff prays for judgment against the Defendants Airbnb, Inc. and Dan Klores Communications, LLC that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded such other and further relief as the Court deems just and proper; and

e. Plaintiff be awarded pre- and post-judgment interest.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: April 21, 2021                    Respectfully submitted,

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
MATTHEW L. ROLLIN
**SRIPLAW**
*Attorneys for Plaintiff Alexander Bayonne Stross*